DEBORAH M. SMITH
Acting United States Attorney

STEPHEN COOPER
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska 99701
Phone: (907) 456-0245
Email: stephen.cooper@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) | Case No. |
|---|---|---|
| Plaintiff, | ) ) ) | COUNTS 1, 2, 5, & 7: |
| vs. | ) ) | SALE OF UNLAWFULLY TAKEN OR POSSESSED WILDLIFE |
| | ) ) | Vio. 16 U.S.C. §§ 3372(a)(2)(A) & 3373(d)(1)(B) |
| KENT MILO KAISER, | ) ) | |
| Defendant. | ) ) ) | COUNTS 3 & 4: FALSE RECORD OF WILDLIFE  Vio. 16 U.S.C. §§ 3372(d)(2) & 3373(d)(3)(A)(ii) |
| | ) ) ) ) | COUNT 6: PURCHASE OF UNLAWFULLY TAKEN WILDLIFE  Vio. 16 U.S.C. §§ 3372(a)(2)(A) & 3373(d)(1)(B) |
| | ) ) ) ) | COUNTS 8 & 9: CRIMINAL FORFEITURE  16 U.S.C. § 3374(a)(2) |

INDICTMENT

The Grand Jury charges that:

## INTRODUCTORY ALLEGATIONS

The following statements were true at all times relevant to this Indictment:

KENT MILO KAISER and the hunters whom Kaiser accompanied and guided on big game hunts in Alaska were not residents of Alaska. Kaiser was a resident of Michigan. At no time did Kaiser hold an Alaska big game guide's license. At no time did Kaiser hold the required Alaska non-resident hunting license and the required Alaska non-resident big game tags appropriate for grizzly bear and deer. Kaiser applied for and obtained Alaska resident hunting licenses for the years involved in this Indictment. In 2001 he applied for and obtained an Alaska resident big game tag for grizzly bear. The hunter he guided in Alaska in 2001 and who took a grizzly bear did not hold the required Alaska non-resident big game tag appropriate for grizzly bear.

A.   Relevant Federal Laws:

(1)   Under the Lacey Act, Title 16, United States Code (U.S.C.), § 3372(a)(2)(A), it is unlawful to transport, sell, receive, acquire or purchase in interstate commerce, wildlife that was taken, possessed, transported or sold in violation of any state law.

(2)   It is deemed a sale of wildlife if a person, for money or other consideration, provides guiding or outfitting services, or a license or permit, for the taking, possessing or transportation of wildlife in a manner that violates any state law. 16 U.S.C. § 3372(c)(1).

(3)   It is unlawful to make any false record or account for any wildlife which is intended to be transported across state lines, including a State of Alaska bear sealing form or a State of Alaska form for transfer of possession of wildlife. 16 U.S.C. § 3372(d).

(4)   It is deemed a purchase of wildlife for a person, for money or other consideration, to obtain any services for the illegal receiving or possessing of wildlife. 16 U.S.C. § 3373(c)(2).

B.   Relevant Alaskan Laws and Regulations:

(1)   It is unlawful to possess, transport, give or receive game or parts of game that the person knows or should know were taken in violation of state law. Chapter 5, Alaska Administrative Code (AAC), § 92.140(a).

(2)   It is unlawful to hunt in Alaska without having the appropriate resident or non-resident license or tag in actual possession. AS 16.05.330(a).

(3)   A "resident" of the State of Alaska for purposes of a hunting or guiding license is a person who for the twelve consecutive months immediately preceding application for the license, has maintained the person's true and permanent home in Alaska with the intent to remain in Alaska indefinitely and to make a home in Alaska, and who does not claim residency in another state, does not obtain benefits under a claim of

residency in another state, and does not otherwise act inconsistently with the intent to make Alaska the person's true and permanent home. AS 16.05.415.

(4)     A false statement of any material fact in an application for a license or tag makes the license or tag void. AS 16.05.420(a).

(5)     Big game includes grizzly bear, moose and deer. 5 AAC 92.990(a)(5).

(6)     A non-resident may not hunt or take a grizzly bear without having previously purchased and having in possession a numbered non-transferable appropriate metal locking tag. AS 16.05.340(a)(15) and 16.05.330(a). The person to whom the tag has been issued may not loan or transfer it to anyone else, nor may any person use a tag issued to another person. AS 16.05.420(c).

(7)     A grizzly bear may not lawfully be possessed in the field, or transported, unless the hunter's appropriate locking tag is affixed to the animal. AS 16.05.340(a)(15).

(8)     It is unlawful for a non-resident of the State of Alaska to hunt or take a grizzly bear unless personally accompanied by a big game guide licensed under the laws of the State of Alaska. AS 16.05.407.

(9)     A person may not independently provide or contract to provide big game guiding services to hunters in Alaska unless the person is licensed under Alaska state law as a registered guide. AS 08.54.610(c) and 08.54.720(a)(6), (9). A guide's license is required in order to provide any of the following services, equipment or facilities to a big game hunter in the field for compensation:

    (A)    contracting to guide or outfit big game hunts;

    (B)    stalking, pursuing, tracking, killing or attempting to kill big game;

    (C)    packing, preparing, salvaging or caring for meat, except that which is required to properly and safely load the meat on the mode of transportation being used by a transporter;

    (D)    field preparation of trophies, including skinning and caping;

    (E)    selling, leasing, or renting goods when the transaction occurs in the field;

    (F)    using guiding or outfitting equipment, including spotting scopes and firearms, for the benefit of a hunter; and

    (G)    providing camping or hunting equipment or supplies which are already located in the field.   AS 08.54.790(7).

(10)   A non-resident may not hunt or take deer without having previously purchased and having in possession a numbered non-transferable appropriate metal locking tag, and may not lawfully possess a deer in the field, or transport it, unless the tag is affixed to the animal. AS 16.05.340(a)(15) and 16.05.330(a).

(11)   It is unlawful to fail to salvage for human consumption all edible meat of a big game animal. AS 16.30.010. The edible meat of a moose includes the meat of the neck and ribs. 5 AAC 92.990(17).

(12)  It is unlawful to possess the antlers of a moose without possessing all the edible meat. AS 16.30.012.

(13)  It is unlawful to transport antlers of a moose from the kill site before all edible meat has been transported to the point of departure from the field. 5 AAC 92.220(e). The antlers may not be transported from the field unless accompanied by all the edible meat. 5 AAC 92.220(f).

## COUNT 1

On or about the 1st day of September, 2001, in the District of Alaska and elsewhere, Kent Milo Kaiser did unlawfully and knowingly sell in interstate commerce wildlife with a market value in excess of $350, by providing guiding, outfitting and other services, for money and other consideration, for the illegal taking, acquiring, transporting and possessing in interstate commerce of wildlife, that is, a Grizzly Bear, the defendant knowing that the wildlife had been taken, possessed and transported in violation of the laws of the State of Alaska, all in violation of Title 16, United States Code, § 3372(a)(2)(A) and § 3373(d)(1)(B).

## COUNT 2

On or about the 1st day of September, 2001, in the District of Alaska and elsewhere, Kent Milo Kaiser did unlawfully and knowingly sell in interstate commerce wildlife with a market value in excess of $350, by providing for money and other

consideration a hunting permit, that is, a big game tag for the illegal taking, acquiring, transporting and possessing in interstate commerce of wildlife, that is, a Grizzly Bear, the defendant knowing that the wildlife had been taken, possessed and transported in violation of the laws of the State of Alaska, all in violation of Title 16, United States Code, § 3372(a)(2)(A) and § 3373(d)(1)(B).

## COUNT 3

On or about the 6th day of September, 2001, in the District of Alaska, Kent Milo Kaiser did unlawfully and knowingly engage in conduct involving the sale of wildlife with a market value greater than $350, by making and submitting a false record and account for wildlife which was intended to be transported in interstate commerce, that is, a State of Alaska form for transfer of possession of a Grizzly Bear, the defendant knowing the said form falsely concealed the identity of the hunter who killed the Grizzly Bear, all in violation of Title 16, United States Code, § 3372(d)(2) & § 3373(d)(3)(A)(ii).

## COUNT 4

On or about the 6th day of September, 2001, in the District of Alaska, Kent Milo Kaiser did unlawfully and knowingly engage in conduct involving the sale of wildlife with a market value greater than $350, by making and submitting a false record and account for wildlife which was intended to be transported in interstate commerce, that is, a State of Alaska form for sealing a Grizzly Bear, the defendant knowing the said form

concealed the identity of the hunter who killed the Grizzly Bear, all in violation of Title 16, United States Code, § 3372(d)(2) & § 3373(d)(3)(A)(ii).

## COUNT 5

On or about the 21st day of November, 2003, in the District of Alaska and elsewhere, Kent Milo Kaiser did unlawfully and knowingly sell in interstate commerce wildlife with a market value in excess of $350, by providing to a taxidermist in Michigan in exchange for taxidermy services on another animal the trophies of two Sitka Blacktail Deer which the defendant had killed in Alaska, the defendant knowing that the two Deer had been taken, possessed and transported in violation of the laws of the State of Alaska, all in violation of Title 16, United States Code, § 3372(a)(2)(A) and § 3373(d)(1)(B).

## COUNT 6

On or about the 21st day of November, 2003, in the District of Alaska and elsewhere, Kent Milo Kaiser did unlawfully and knowingly purchase in interstate commerce wildlife with a market value in excess of $350, by obtaining, for consideration consisting of two illegally taken Sitka Blacktail Deer trophies which defendant provided to a taxidermist in Michigan, taxidermy services for defendant's illegal possession of a third Sitka Blacktail Deer trophy, the defendant knowing that all three Blacktail Deer had been taken, possessed and transported in violation of the laws of the State of Alaska, all in violation of Title 16, United States Code, § 3372(a)(2)(A) and § 3373(d)(1)(B).

## COUNT 7

On or about the 8th day of September, 2004, in the District of Alaska and elsewhere, Kent Milo Kaiser did unlawfully and knowingly sell in interstate commerce wildlife with a market value in excess of $350, by providing guiding, outfitting and other services, for money and other consideration, for the illegal transporting and possessing in interstate commerce of wildlife, that is, a Moose, the defendant knowing that the wildlife had been possessed and transported in violation of the laws of the State of Alaska, all in violation of Title 16, United States Code, § 3372(a)(2)(A) and § 3373(d)(1)(B).

## COUNT 8

Upon conviction of any one of Counts One, Two, Five, or Six, the defendant's .300 Remington caliber Ultramag rifle is forfeitable to the United States pursuant to 16 U.S.C. § 3374(a)(2), which provides in relevant part that equipment used to aid in the transporting, selling, receiving, acquiring, or purchasing of wildlife in a criminal violation of this chapter for which a felony conviction is obtained shall be subject to forfeiture to the United States if (A) the owner of such equipment was at the time of the alleged illegal act a consenting party or privy thereto or in the exercise of due care should have known that such equipment would be used in a criminal violation of the Lacey Act, and (B) the violation involved the sale or purchase of, the offer of sale or purchase of, or the intent to sell or purchase wildlife.

## COUNT 9

Upon conviction of either one of Counts Five or Six, the defendant's mounted Sitka Blacktail Deer trophy seized and held by the United States Fish & Wildlife Service is forfeitable to the United States pursuant to 16 U.S.C. § 3374(a)(1), which provides in relevant part that wildlife transported, sold, received, acquired or purchased contrary to section 3372(a) of Title 16, United States Code, is forfeitable to the United States.

A TRUE BILL.

s/ Grand Jury Foreperson
GRAND JURY FOREPERSON

s/ Stephen Cooper
STEPHEN COOPER
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska 99701
Phone: (907) 456-0245
Fax: (907) 456-0577
Email: stephen.cooper@usdoj.gov


s/ James A. Goeke
DEBORAH M. SMITH
Acting United States Attorney
Federal Building & U.S. Courthouse
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: 907-271-5071
Email: deb.smith@usdoj.gov


DATED:    7/18/06